UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Swindell D. Wheeler, #246022 | ) C/A No. 4:09-1633-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Correctional Officer Tonita Lee of the Evans Correctional | ) |
| Institution; | ) |
| Dr. Parvin Pattell; | ) |
| The Correctional Medical System of the Evans | ) **Report and Recommendation** |
| Correctional Institution et al., | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, Swindell D. Wheeler (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Wateree River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] The complaint should be dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff's complaint states: "[b]ecause my shirt was not tucked in my pants, an electronically operated door was hydralucally [sic] closed on my left wrist resulting in a bone fracture that has calcified and results in pain based on position." (Plaintiff's complaint, page 3). Plaintiff indicates that Defendant Lee was operating the door at the time of the accident and Defendant Pattell is a physician who treated Plaintiff's injury. Plaintiff claims the "negligent" treatment he received resulted in Plaintiff experiencing loss of flexibility and nerve damage. (Plaintiff's complaint, page 3). Plaintiff seeks monetary damages, a review of his current medical condition, and medical treatment. (Plaintiff's complaint, page 4, "relief" section).

An inmate grievance form and incident report, attached to Plaintiff's complaint, provide further factual information regarding his injury. In the grievance and incident report, Plaintiff indicates that his wrist was injured on June 10, 2005, at approximately 10:30 a.m. Plaintiff also states that Defendant Lee "noticed that my shirt was not tucked in. Sgt. Lee immediately closed the door back. In doing so, I was forced to retreat backwards and my left wrist was jammed in the door." Plaintiff states he screamed in agony and "Sgt. Lee immediately opened the door back. . . . she said that she did not intentionally do that but that she intended to slam the door in my face. Sgt. Lee said that she would do an incident report so that [Plaintiff] could receive medical attention." Plaintiff went to "medical" after lunch, where his wrist was examined and wrapped in an ace bandage. Plaintiff received Motrin for pain and was scheduled to see Dr. Pattell on June 14, 2005. (Grievance incident report, page 1-2).

Plaintiff was examined by Defendant Pattell on June 14th and received "five different x-rays" on June 16, 2005. Plaintiff returned to medical on June 27, 2005, and informed that he had a fractured wrist. Plaintiff states a nurse splinted his injury at that time, provided Plaintiff with pain

medication, and told Plaintiff he had been scheduled to see an orthopedic doctor.  (Grievance incident report, page 2).

## Discussion

Plaintiff claims that he was injured when an electronic door, operated by Defendant Lee, was closed on Plaintiff's wrist.  Thus, is appears Plaintiff is attempting to allege deliberate indifference to his health and/or safety by Defendant Lee.  However, deliberate indifference is a very high standard, which requires more than a showing of mere negligence.  *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976).  Deliberate indifference also requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994).  In *Grayson v. Peed*, the Fourth Circuit Court of Appeals stated, "the Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences."  *Grayson v. Peed*, 195 F.3d 692, 695-696 (4th Cir. 1999).  The instant complaint, and attached grievance forms, indicate that Defendant Lee did not intentionally close the door on Plaintiff's wrist.  Rather, Plaintiff states that Defendant Lee, upon seeing Plaintiff's shirt was untucked, attempted to close the electronic door before Plaintiff could enter.  As such, Defendant Lee's actions do not rise to the level of deliberate indifference to a specific known risk of harm.

Plaintiff further claims that the Defendants were deliberately indifferent to his medical needs.  With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. at 106.  The Supreme Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation."  *Id.* at 105.  Further, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly

incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint, and attached grievance forms, indicate that the Plaintiff received medical attention on the date of his injury and on at least three occasions shortly thereafter. Thus, the Plaintiff admits that the Defendants provided medical attention, but complains that proper medical attention was denied. Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff clearly received medical attention for his injured wrist. Thus, the Defendants were not deliberately indifferent to the Plaintiff's medical needs.

To the extent the Plaintiff may be claiming negligence or incorrect medical treatment, his claims are also subject to dismissal. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As Plaintiff's allegations do not rise to the level of deliberate indifference to health/safety/medical needs, and negligence/medical

malpractice are not constitutional violations under § 1983, the complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

_____Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

August <u>24</u> , 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).